# EXHIBIT 1-A

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-0569-19-B**

| | | |
|---|---|---|
| CYNTHIA TORRES,<br>　　*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br>　　*Defendant* | §<br>§<br>§<br>§ | HIDALGO COUNTY, TEXAS<br><br>_____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES, **CYNTHIA TORRES** (hereinafter "**Plaintiff**"), and files this pleading, complaining of **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** (hereinafter "Defendant") and for cause of action would respectfully show unto the Court the following:

### DISCOVERY LEVEL

1.　　Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff intends that discovery in this case will be conducted under Level 3.  Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief above the limits under the expedited-actions limit and seeks relief other than the monetary relief allowed by TRCP 169(a)(1).

2.　　Plaintiff fully understands and expects that a Hidalgo County jury will have the final say on what monetary relief, if any, that Plaintiff is justly entitled to, based on the **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S** conduct. But, the Texas Rules of Civil

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

Procedure ("T.R.C.P.") require a Plaintiff to state an amount of monetary relief that a Plaintiff seeks. Therefore, in accordance with the requirements of T.R.C.P. 47, Plaintiff seeks monetary relief, excluding interest and costs, of less than $75,000.00. Plaintiff also seeks non-monetary relief in the form of a Declaratory Judgment.

## PARTIES

3.      Plaintiff is a resident Hidalgo County, Texas.

4.  Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** (hereinafter "Defendant"), is an insurance company duly licensed to do business in the State of Texas and maintains its principal place of business at 8900 Amberglen Boulevard, Austin, Texas 78729-1110. Defendant may be served by serving **both** its agents:

a.  Jerry B. Jense, 8900 Amberglen Boulevard, Austin, Texas 78729; **and**

b.  Corporation Services Company, 211 E. 7th Street, Ste. 620, Austin Texas 78701-3218.

5.      To the extent that the above-named company Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against that company pursuant to the terms of Tex. R. Civ. P. 28, and Plaintiff hereby demands that upon answering this suit, such company or companies answer in their correct legal name and assumed name.

## VENUE

6.      Venue of this lawsuit is proper in Hidalgo County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE, CHAPTER 15 in that the incident giving rise to this cause of action occurred in Hidalgo County, Texas.

## FACTS

7.      On February 08, 2015, in Pharr, Hidalgo County, Texas, Plaintiff was riding her bicycle at the 2000 block of N. Jackson Road heading south when she was struck from behind by a vehicle

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

being driven by Elliot Lozoya.  This collision was investigated by Pharr Police Department Officer

Claudia Rodriguez #3104 and after conducting a thorough investigation, she determined that Elliot

Lozoya failed to control his speed, failed to drive in a single lane and failed to stop and render aid.

Officer Rodriguez determined that Elliot Lozoya was solely responsible for the subject collision.  Elliot

Lozoya was charged with intoxication assault, failure to stop and render aid and driving with no

insurance or driver's license.  (see diagram below wherein Plaintiff is depicted as "Unit 3," and Elliot

Lozoya is depicted as "Unit 1.").

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

8.     Plaintiff will show the Court that the negligent conduct of Elliot Lozoya was a direct and proximate cause of the collision described here, and of the bodily injuries and damages sustained by Plaintiff.

9.     At such time, Plaintiff was protected against loss caused by bodily injury, and resulting from the ownership, maintenance, or use of an uninsured motor vehicle by a policy of insurance issued by Defendant.

## NEGLIGENCE OF
## ELLIOT LOZOYA, UNINSURED DRIVER

10.     On the occasion in question, the Elliot Lozoya operated an automobile in a negligent manner and violated the duty which Elliot Lozoya owed Plaintiff to exercise ordinary care in the operation of said motor vehicle in at least the following particulars:

 a.   In operating his vehicle at a speed greater than is reasonable and prudent under the circumstances then existing in violation of the Texas Transportation Code Ann. Sec.545.351 sections (a), (b)(1) and (2) and (c)(3) and (5) and 545.352;

 b.   In driving a vehicle in willful or wanton disregard for the safety of persons, in violation of the Texas Transportation Code Ann. Sec. 545.401;

 c.   In failing to turn his vehicle in another direction to avoid an impending collision, as would have been done by a reasonably person exercising a reasonable degree of prudence under the same or similar circumstances;

 d.   In failing to keep the vehicle he was driving under proper control, as would have been done by a reasonable person exercising a reasonable degree of prudence under the same or similar circumstances;

 e.   In failing to timely and properly apply his brakes, as would have been done by a reasonable person exercising a reasonable degree of prudence under the same or similar circumstances;

 f.   In demonstrating driver inattention;

 g.   Driving while intoxicated;

 h.   Failing to drive in a single lane; and

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0569-19-B

   i. In failing to control his speed.

  11.  Each of the above acts or oPharrs, singularly or in combination with each other, constituted negligence, and negligence per se, which proximately and directly caused Plaintiff's injuries and damages.

**DAMAGES**

  12.  Plaintiff alleges that as a direct and proximate result of the conduct and/or oPharr on the part of the Elliot Lozoya, Plaintiff suffered injuries to the areas of her body referenced in her medical records that were generated as a result of the subject collision and is entitled to recover at least the following legal damages:

   a. Past necessary and reasonable medical, hospital, and pharmaceutical expenses;

   b. Future necessary and reasonable medical, hospital, and pharmaceutical expenses, which, in all reasonable probability, will be incurred;

   c. Physical pain and suffering and mental anguish (however with respect to mental anguish damages, Plaintiff only asserts mental loss for the common emotional reaction to an injury) in the past;

   d. Physical pain and suffering and mental anguish (however, with respect to mental anguish damages, Plaintiff only asserts mental loss for the common emotional reaction to an injury) which, in all reasonable probability, will be suffered in the future;

   e. Physical impairment in the past; and

   f. Physical impairment which, in all reasonable probability, will be suffered in the future;

  13.  Plaintiff's damages are within the jurisdictional limits of this Court, at the time of the filing of this suit. With the passage of time, Plaintiff's damages may increase.

**PETITION FOR DECLARATORY RELIEF**

  14.  Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant at the time of the collision, Plaintiff seeks a declaratory

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

judgment pursuant to Tex. Civ. Prac. & Rem. Code Ch. 37.001, et seq. Plaintiff seeks a declaration

construing the contract of insurance and declaring Plaintiff's rights and obligations under the contract.

Specifically, Plaintiff seeks a declaration from the Court that: (a) The negligence of ELLIOT

LOZOYA was the proximate cause of the collision of February 08, 2015 and Plaintiff's injuries and

damages; (b) ELLIOT LOZOYA is an uninsured motorist; (c) Plaintiff's claim for uninsured motorist

benefits as a result of a motor vehicle accident which occurred on February 08, 2015, are covered

under the Insurance Policy; (d) that Plaintiff is entitled to recover from Defendant Plaintiff's damages

resulting from the motor vehicle collision the subject of this suit; (e) and specifying the amount of

damages, attorney's fees, interest, and court costs that Defendant is obligated to pay.

15.    Plaintiff also seeks a declaration determining the amount of uninsured motorist

benefits under the Insurance Policy to which Plaintiff is entitled to recover from Defendant, after all

applicable set-offs and credits, for each of the following elements damages covered under the

Insurance Policy from Defendant on his uninsured motorist claim arising under the Insurance Policy:

      a.    Reasonable and necessary medical treatment in the past;

      b.    Reasonable and necessary medical treatment in the future;

      c.    Severe physical pain and suffering and mental anguish (however with respect
         to mental anguish damages Plaintiff only asserts mental loss for the common
         emotional reaction to an injury) in the past;

      d.    Severe physical pain and suffering and mental anguish (however with respect
         to mental anguish damages Plaintiff only asserts mental loss for the common
         emotional reaction to an injury) in the future;

      e.    Substantial physical impairment in the past; and

      f.    Substantial physical impairment in the future.

16.    Plaintiff seeks all equitable and just, reasonable and necessary attorney fees which were

incurred or which may be incurred in this matter including all such fees and expenses: (a) For

preparation and trial; (b) For an appeal to the Court of Appeals; (c) For making or responding to an

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

application for writ of error to the Supreme Court of Texas; and (d) If application for writ of error is granted by the Supreme Court of Texas. Plaintiff's counsel has been a licensed and practicing attorney since 1994. Plaintiff alleges that the sum of $400.00 per hour is reasonable and customary for an attorney of like skill and expertise in Hidalgo County. None of the fees requested in this paragraph exceed the claim for damages made in paragraph "2" of this petition.

17.     Plaintiff also seeks the recovery of his costs and reasonable and necessary attorney fees as are equitable and just, pursuant to Sec. 37.009 of the Texas Civil Practice and Remedies Code.

18.     Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments Act Sec. 37.001 *et. seq.*, for a declaration that her injuries and damages fall within the uninsured motorist coverage of the Insurance Policy issued by Defendant and for a declaration of her rights to such benefits.

## BREACH OF WARRANTIES

19.     Although Plaintiff fully cooperated with Defendant, and despite the fact that all conditions precedent to his recovery of benefits and attorneys' fees have occurred, Defendant has failed and refuses to pay to Plaintiff sufficient, adequate and/or the full benefits due under the contract of insurance with Defendant, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

20.     In reliance upon the representations, advertisements, recommendations and special knowledge and expertise of Defendant, Plaintiff purchased the insurance policy in question from Defendant which was represented to confer specific rights, remedies, benefits and insurance coverages. Pursuant to the express terms of the contract of insurance with Defendant represented and warranted, among other things, that they would pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident.

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

21.     Pursuant to the terms of the contract, Defendant has breached its duties to Plaintiff, including, but not limited to, their duty to negotiate in good faith, fairly evaluate Plaintiff's claim under the uninsured/uninsured insurance policy, and/or timely provide Plaintiff.

## BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING

22.     Plaintiff incorporates by reference as if fully set forth verbatim all facts outlined in the above paragraphs.

23.     Under Texas law, Defendant owes its insured a duty of good faith and fair dealing. *Universal Life Ins. Co. v. Giles*, 950 S.W. 48 (Tex. 1997). Due to the special relationship that exists between an insurance company and its insured, an insurance company is liable for breaching its duty of good faith and fair dealing owed to its insured when an insurance company fails to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim when insurer's liability is reasonably clear, as it is in this case.

24.     Defendant further breached its duties of good faith and fair dealing by failing and refusing to comply with Texas laws concerning Plaintiff's claims. Specifically, the Texas Legislature enacted Chapter 542 of the Texas Insurance Code also known as the Unfair Claim Settlement Practices Act to prohibit insurance companies and their representatives from engaging in Unfair Claim Settlement Practices. The Act Mandates that "No insurer doing business in this state under the authority, rules and regulations of this code shall engage in unfair claim settlement practices."

25.     In violation of the Unfair Claim Settlement Practices Act, Defendant and its agents, employees and representatives, prohibited acts and practices including, but not limited to, the following:

     a.  Knowingly misrepresenting to claimant pertinent facts or policy provisions relating to coverages at issue;

     b.  Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

 c. Failing to adopt and implement reasonable standards for prompt investigation of claims arising under its policies;

 d. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear;

 e. Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them; or

 f. Failure of any insurer to maintain information required by §542.005.

26. Thus, due to Defendant's breach of the duty of good faith and fair dealing and Defendant's failure and refusal to pay Plaintiff's claim(s), Plaintiff has incurred actual damages, including:

 a. Medical expenses;

 b. Non-economic damages including mental anguish (however with respect to mental anguish damages Plaintiff only asserts mental loss for the common emotional reaction to an injury); and

 c. Additional interest due to the delay in payment of this claim.

27. In addition, Defendant's conduct was committed with malice.

28. Further, because Defendant has ratified and approved of the actions of its agents, employees and representatives including, who maliciously and wrongfully denied and delayed Plaintiff's claims, Plaintiff is entitled to recover punitive damages.

## BREACH OF INSURANCE CONTRACT

29. Plaintiff has had insurance with the Defendant for many years. Plaintiff paid her premiums to Defendant, as Defendant demanded. Plaintiff had a policy, that provided for uninsured motorist coverage.

30. Defendant was advised of Plaintiff's claim under the uninsured coverage by a faxed letter from her attorney. At the time of the occurrence described above, Defendant was obligated to provide uninsured benefits to the Plaintiff, as the term is defined in the policy of insurance. Plaintiff

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

has timely and properly notified Defendant of the subject collision.  Defendant is and has been in possession of Plaintiff's medical bills and medical records.

31.     Plaintiff has fully complied with all the conditions of the above-mentioned insurance policy prior to bringing this suit.  All conditions precedent have been performed or have occurred.  Nevertheless, Defendant failed to timely pay all of the uninsured coverage benefits due under this policy, as it is contractually required to do so.  Defendant has breached the uninsured coverage provision of the insurance contract by not timely paying all uninsured coverage benefits, when due to the Plaintiff.

## ATTORNEY'S FEES

32.     As a result of Defendant's actions complained of in this Petition, Plaintiff was required to engage the services of the Hector L. Rodriguez Law Firm, PLLC.  Plaintiff, therefore, seeks reimbursement of reasonable attorney's fees because Plaintiff has been required to employ the undersigned attorney to file and prosecute this suit.  Plaintiff, therefore, seeks reimbursement of reasonable attorney fees in the amount of: (1) $400.00 per hour, in as much as Plaintiff has been required to employ the undersigned attorney to file and prosecute this suit; (2) the reasonable costs for an appeal to The Thirteenth Court of Appeals; and (3) if the Texas Supreme Court grants a review, the reasonable costs for that appeal.  This request for attorney fees is inclusive, and not in excess of the claim for damages made in paragraph "2" of this petition.

## WRITTEN DISCOVERY PURSUANT TO T.R.C.P. 194, 196, 197 and 198

33.     Comes Now, Plaintiff, in the above styled case and serves these Written Interrogatories, Requests for Production, Requests for AdPharrs, and Requests for Disclosure on Defendant as allowed by Texas Rules of Civil Procedure 194, 196, 197, and 198.  Defendant has fifty (50) days to respond to Plaintiff's discovery requests.

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

### DEFINITIONS AND INSTRUCTIONS

**1.**     No later than fifty (50) days after service of these written discovery requests, you must serve a written response to the undersigned attorney at **Hector L. Rodriguez Law Firm, P.L.L.C.,** 511 West University Drive, Edinburg, TX 78539, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested.

**2.**     You are hereby notified that your duty to respond includes the duty to provide answers concerning records, documents and things in your physical possession regardless of the source from which they were obtained, as well as those not in your physical possession, but which can be obtained from sources under your control. It is your duty, in answering this discovery, to furnish all information which is available to you, including information in your possession, in the possession of your attorney(s), investigator(s), employee(s), servant(s), agent(s) and/or representative(s).

**3.**     In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.

**4.**     In the event any information requested by these requests for production is not produced for any reason, the reason or reasons for withholding such information shall be specifically stated. This specification of such reason or reasons shall be sufficiently detailed to fairly permit counsel for Plaintiff(s) to ascertain the legal validity of the reason or reasons asserted for withholding the information from discovery.

**5.**     For each document or other requested information that you assert is privileged or not discoverable, please identify the document or other requested information with sufficient specificity, without waiving your asserted privilege, so that an assessment can be made as to whether it is needed in discovery efforts. State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed, circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; and the present location and custodian of the document. For any such document(s), Plaintiff(s) request(s) a privilege log.

**6.**     With regards to documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS, you are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." Plaintiff's/Plaintiffs' counsel is willing to make agreements with you and your attorney(s) not to disclose such documents to competitors, the media, or the public generally and is willing to enter into an agreement immediately so as not to delay production for such documents.

**7.**     For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons, if however, for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

8.      With respect to each requested document that has been destroyed, or is otherwise no longer within your possession, custody or control: (a) identify the document; (b) describe in detail the circumstance under which it was destroyed, lost or otherwise came to be beyond your possession, custody or control; (c) when it passed out of existence, or when it could no longer be located, and the reasons, if known, for the disappearance; and (d) identify each person having knowledge about the disposition or loss of the document and identify any other document evidencing the lost document's existence or any facts about the lost document. With respect to each document that was destroyed, please provide the procedures and authority under which it was destroyed and the identity of the person authorizing such destruction.

9.      Please answer each request separately. If documents are numbered for production, in each response please provide both the information that identifies the documents and the document numbers. Also, in accordance with TRCP 193.1, you must identify the written discovery request(s) your response and/or production is being made in response to.

10.      If you cannot answer any one or more of the following requests for production in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder.

11.      If your response to any of these requests for production is that the answer may be derived from business records produced or made available for inspection by you, specify the responsive documents in sufficient detail to permit Plaintiff(s) to locate and identify them as readily as you can.

12.      If any request for production or subpart thereof, is incapable of being answered because of a lack of records, incompleteness of records, or any other reason, identify for purposes of deposition, the name of those individuals possessing knowledge relevant to that particular request for production or subpart thereof.

13.      You are under a duty to supplement these responses with respect to any question addressed to the identity and location of persons having knowledge of discoverable matters and expert witnesses to be called at trial. You are also under a duty to amend your responses to these requests for production if you discover that your responses were incorrect when made or are no longer true.

14.      Plaintiff's/Plaintiffs' Requests for Production are deemed continuing until trial. If any information sought by said requests is learned or obtained after this discovery has been answered or, if answers for any reason should later become incorrect or incomplete, there is a continuing duty to the time of trial on the parties answering this discovery to formerly supplement answers previously submitted pursuant to the Texas Rules of Civil Procedure. If in response to any of Plaintiff's/Plaintiffs' document requests in this Request for the Production you fail to disclose any fact and then you subsequently disclose such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by you, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff(s), when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff(s) in your initial responses to this Request for the Production of Documents.

15.      Pursuant to Rule 193.2(f), you are hereby placed on notice that you should not object to a request for written discovery on the grounds that it calls for production of material or information that is privileged but should instead comply with Rule 193.3. You are also hereby placed on notice that filing objections to written discovery on the grounds that it calls for production of material

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

or information that is privileged is contrary to Rule 193.2(f) and is, therefore, an error to file such objections.

     **16.**    Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you erroneously object on the ground of privilege or exemption from discovery, you must adhere to Rule 193.3(a) and state in your response, the following:

        **a)**    That information or material responsive to the request has been withheld;

        **b)**    Identify the request to which the information or material relates; and

        **c)**    The specific facts that you claim support the asserted legal privilege.

     **17.**    If you choose to file objections to written discovery contrary to Rule 193.2(f), pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described above, you are hereby requested to identify the information and material withheld within 15 days from the date of service of said response upon the party seeking discovery, and to serve a response that:

        **a)**    Describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and

        **b)**    Asserts a specific privilege for each item or group of items withheld.

     **18.**    Please note that under Rule 192.5(c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

        **a)**    Information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;

        **b)**    Trial exhibits ordered disclosed under Rule 166 or Rule 190.4;

        **c)**    The name, address, and telephone number of any potential party or any person with knowledge of relevant facts;

        **d)**    Any photograph or electronic image of underlying facts *(e.g.,* a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and

        **e)**    Any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

     **19.**    In accordance with TRCP 193.7, you are hereby being placed on express and actual notice and for the specific purpose of making you aware that Plaintiff(s) intend(s) to use ALL documents you produce against you in pretrial proceedings and at trial.

     **20.**    "You," "your," "yours," "Defendant," "this Defendant," and/or "Defendant STATE FARM," refers **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** and any other person or entities (excluding attorneys) purporting to act on behalf **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

     **21.**    The scope of discovery extends to all relevant and non-privileged information that might reasonably lead to the discovery of admissible evidence. Each individual written discovery request must be answered fully, in writing, and under oath when required. You have a responsibility to submit full and complete responses and to furnish reliable information, documents and other tangible things in your possession, custody or control or in the possession, custody or control of (1) past or present officers, agents, servants and employees, (2) its departments or divisions, (3) parent or subsidiary corporations, (4) sister corporations, (5) corporate affiliates, (6) foreign branches, (6) predecessor and successor corporations, (7) joint venture partners and (8) other persons, firms or corporation which, because of their business relationship, would (or should) readily respond to your

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

efforts to obtain the information and/or documents requested.  You may refer to your "business records" only if the Plaintiff may obtain from those documents the same information you would provide if you were to respond to the request and only if the burden placed upon the Plaintiff by reference to the document is the same as the burden, which would otherwise be placed upon you.  If any requested document is claimed to be privileged or otherwise protected from discovery, you shall identify in writing, with particularity, the basis for such claim and, in the case of any document withheld, to identify in writing: (a) its title or designation, (b) its author, (c) its date, (d) the names, positions and capacities of all persons to whom it was addressed and copies, or by whom it has been seen, (e) its general nature and subject matter, (f) its present location and custodian, and (g) the basis upon which it is claimed to be privileged or otherwise protected from discovery.  If any document produced has been redacted in any manner whatsoever, you shall so indicate on the document and be prepared to furnish the un-redacted documents to the Court for in camera review along with supportive affidavits justifying the reaction.

22.     When available, for any document, provide the English translation of the complete document.  For each document produced, indicate in your written response the Bates number or other identification of the documents responsive to each document request.

23.     As used herein, "document" means the original and each non-identical copy, whether non-identical because of alteration, attachments, blanks, comments, notes, underlying or otherwise, or any written record, graphic material, or other tangible evidence or thing, however described or titled, whether letter, memorandum, report, police or accident report, affidavit, personal and/or handwritten notes, tape recording, video, film, photo, photocopy, telegram, telex, transcript, electronically stored data or otherwise in your custody, possession or control, or to which you have access.  As used herein, the term "document" is also intended to include electronically generated and stored data files, computer files, e-mails, archived voice mail, data storage devices such as floppy discs, hard discs, tape, backup tapes, optical discs, zip drives, USB drives, jump drives, thumb drives and flash drives - including but not limited to computer readable media, machine sensible, electronic or any other similar forms of information.  The term "document" is further intended to include any computer records reflecting earlier drafts, revisions, addenda, amendments and the like with regard to any responsive document.  If documents are produced in an electronic format, please include an electronic searchable objective index for all fields.

24.     "Communication" means the transPharr, sending and/or receipt of information of any kind by or through any means including, but not limited to, speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., e-mail), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks," CD-ROM discs, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all type and other media of any kind.  The term "communication" also includes, without limitation, all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demand, complaints, and press, publicity or trade releases.

25.     "Records" mean all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes, and amendments, graphic or any electronic or mechanical records or representations of any kind.  Any electronic records or computer data which may exist shall be produced in ASCII comma delimited or fixed length field format and shall include

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

all file, record, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in the latest format possible, whether in any Microsoft or Apple format, Dbase (DBF) format, Excel (xls) format or ASCII comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media: Zip disk, Jaz disk, CD Rom, DVD format, thumb drive, zip drive, USB drive, jump drive or flash drive.

26. "Related to" or "relating to" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

27. "Pertain to", "pertains to", or "pertaining to" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts, or contradicts.

28. "Or" and "and" have conjunctive and disjunctive meanings.

29. "Defective" means possessing characteristics or qualities of any kind which negatively affect performance, durability, or life expectancy of any component of the vehicle Defendant(s) was/were driving/riding in at the time of the subject incident.

30. If any record, document, material or other item does not exist, refer to the request for production by the applicable paragraph/number and state that it does not exist. If you have reason to believe that these records once existed, state the circumstances under which they were lost or destroyed and the requested Item to which they are responsive.

31. If production of documents or other items required by this request would be unduly burdensome, or if the response to an individual request for production may be aided by clarification of the request, contact Plaintiff's/Plaintiffs' counsel within five (5) days of the receipt thereof and specify the problem or clarification needed. If you seek to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these requests, the law requires that you file a motion for protective order prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on you to justify any such objections. Moreover, the filing of any such motion for protective order does not excuse a failure to respond in a timely manner to these requests. This note is provided specifically to put you on notice that if baseless objections are made to these requests and a motion for protective order is not timely filed and supported, its actions will be considered as evidence of a willful violation of the Texas Rules of Civil Procedure.

32. All documents submitted in response to each numbered item of this request shall be accompanied with a document stating the name and title of the person or persons preparing the statement and a statement by the preparer that the information is accurate and true and is complete or is being withheld or has been otherwise destroyed.

33. In the event any record, document, material or other item is withheld (or any portion thereof), please provide the following information for each such withheld item:

    a) The date of the item;
    b) The name and title or position of the author and/or sender of the item;
    c) The name and title or position of each and every person to whom the document was sent;
    d) The general character or type of item (i.e., letter, memorandum, notes, etc.);

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

e) A brief description of the subject matter and length of the document and each attachment, appendix and exhibit thereto;

f) The name and title or position of each person having knowledge of any facts or factual basis on which the item was prepared; and

g) The basis for withholding the item including, but not limited to, any legal objection, privilege or claim (including reference to the statute, rule or decision which is claimed to give rise to the withholding) and a description of the general topic of the information withheld.

34.     The Request shall be deemed continuing so as to require further and supplemental production if you obtain additional documents required to be produced herein between the time of the initial production and the time of trial.

35.     "Identify" or "identity," when used in reference to a natural person, shall require you to state (a) his/her full name, (b) his/her present or last known address, and (c) his/her present or last known employer and job title. When used in reference to a corporation or business entity, "identify" or "identity" shall require you to state (a) the full legal name of the corporation or business entity, (b) the present or last known address, and (c) the principal place of business and state of incorporation. When used in reference to a document, "identify" or "identity" shall require you to state (a) the date of such document, (b) the type of document, (c) the present location of such document or copies of such document, and (d) a brief summary of the contents of such document.

36.     "Person" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

37.     "Subject incident," "subject accident," "subject collision," "subject occurrence," "incident in question," "accident in question," "collision in question" or "occurrence in question" means the automobile collision that occurred on or about February 08, 2015, in Hidalgo County, Texas and/or as described by the Plaintiff's live pleading that resulted in the injuries sustained by Plaintiff.

> **NOTICE:** You are notified herein that, pursuant to TRCP 193.7, Plaintiff will use any document produced by Defendant as evidence in this cause and will consider such document as self-authenticated for evidence purposes for use at any proceeding in this cause against the party producing it.

## WRITTEN INTERROGATORY TO DEFENDANT

1.     Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories and the responses to the requests for production.

2.     Describe each separate file containing records, documents, or information relating to Plaintiff's claims or Plaintiff. Include in your description for each file: name, number, descriptive title, custodian, contents, and location.

3.     Identify by name, employer (if different from Defendant), business address, job title, and telephone number of the individual who will be Defendant's in-court representative.

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

4.   Identify by name, employer, business address, job title and telephone number and role of each of Defendant's employees, agents, representatives, adjusters, independent adjusters, independent adjusting firms, consultants and any entity or individual acting under any oral written agreement, who performed any claims work, participated in the evaluation of Plaintiff's claim, and/or claims services of any type or nature, with respect to the insurance claims involved in this litigation.

5.   Identify all of your employees who evaluated Plaintiff's claim, authorized settlement offers to be made to, and/or made decisions regarding any adjuster's authority to settle Plaintiff's claim relating to under-insured/uninsured coverage provided to Plaintiff.

6.   Identify all criminal convictions of Plaintiff, any parties to the suit, and/or any witnesses which you intend to use at trail for impeachment purposes pursuant to Texas Rule of Evidence 609.

7.   In accordance with TRCP 194.2 (d) and 192.3 (a), if you are claiming a credit against judgment, please specify the dollar amount claimed in each category of damages claimed as well as specifically how you arrived at and calculated the dollar amount claimed for each category.

8.   In accordance with TRCP 194.2(d) and 192.3(a), if you contest any of the economic damages and/or medical bills claimed by the Plaintiff under TRCP 194.2(d), please state EACH CATEGORY OF DAMAGES or MEDICAL PROVIDER, the category of damages or medical provider being contested, the amount for each category or medical provider that is being contested, what you contend the correct dollar amount of damages for each category or medical provider should be, and the method of calculating what you contend to be the correct dollar amount of damages.

9.   If you have information regarding any other claims for personal injury of any type which were made or potentially made by the Plaintiff, Defendant or any other party to this lawsuit, please state all the information you have regarding such claim including the date of the claim, the type of claim, the name of the person making the claim, the other parties involved in the claim, the injuries claimed in such incident, any medical providers involved in any treating injuries made in the claim, any insurance company and claim number of the claim as well as the disposition of such claim.

     Claim would include any claim for injury such as liability claim, automobile accident claim, any on the job injury claim, Personal Injury Protection Claim, Med-Pay claim, Workers Compensation Claim, claim under the Longshore and Harbor Workers Relief Act, and/or Claim under an ERISA policy for personal injury.

10.  State each and every factor which you now contend or will contend at trial caused or contributed to the Plaintiff's damages including, but not limited to, pre-existing physical or medical conditions and/or subsequent physical or medical condition to the Plaintiff, or any combination thereof. Additionally, please state generally what facts lead you to believe that such act of oPharr caused or contributed to the incident.

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

11.  State the procedures relied upon and the criteria utilized by Defendant in its investigation of Plaintiff's claim to evaluate and place a dollar value on his claim.

12.  Please state the amount of all settlement offers made by you in an effort to resolve Plaintiff's claim prior to suit being filed and the method you used and how you calculated this amount and/or Plaintiff's damages. If you did not make an offer, please state the basis of the refusal to make an offer. Additionally, please identify the persons involved in arriving at such figure.

13.  Please state if you are denying coverage, asserting an exclusion or breach of the contract by Plaintiff, or defending this case conditionally or on reservation of rights. If yes, please explain in detail.

14.  Please list, describe, and identify all documents that support any and all:
     a.  Conditions precedent to bringing this lawsuit against you that Plaintiff has not met;
     b.  Any terms and conditions of the insurance agreement that Plaintiff did not comply with; and
     c.  Any exclusions you assert are applicable to the demand for Uninsured/Uninsured Motorist Benefits.

15.  Identify any statements that have been taken by Defendant or taken on Defendant's behalf, relating to this litigation or the claim which forms the basis of this lawsuit, including statements from any party or witness, and do the following:
     a.  Identify the person who gave or made the statement.
     b.  Specify the date when the statement was taken.
     c.  Identify the person who took the statement.
     d.  State whether the statement was recorded, regardless of medium (e.g., paper or electronic), and if so, identify the material.
     e.  State whether defendant will, without a formal request to produce, attach a copy of all statements described in the answer to this interrogatory.

16.  If anyone performed an investigation of this case on your behalf, please identify the following:
     a.  The date upon which each such investigation was begun.
     b.  The name, address, and telephone number of all persons conducting the investigation
     c.  The names, addresses, and telephone numbers of all persons the investigator has contacted and indicate whether a written statement was obtained.
     d.  Identify all reports, statements, photographs and any other documents obtained and/or generated pursuant to said investigation.

17.  After making a diligent inquiry of the subject collision, please state in detail the manner in which you assert the incident occurred, specifying the speed, position, direction, and location of each vehicle involved during its approach to, at the time of, and immediately after the collision, including street names, and block numbers and sequential order of events.

18.  On the day of the subject occurrence, where you engaged in the insurance business in Hidalgo County, Texas?

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

19.     Please state the date you received written or verbal notice of Plaintiff's claim.

20.     Indicate, with respect to any expert designated by this party, whether you intend to challenge the expert's qualifications or the validity of the expert's opinions pursuant to the holdings of ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579 (1993), ***E.I. du Pont Nemours v. Robinson***, 923 S.W. 2d 549 (Tex. 1996), ***Gammill v. Jack Williams Chevrolet, Inc.***, 972 S.W. 2d 713 (Tex. 1998) or Tex. R. EVID. 702. As part of your answer state the legal, factual and/or scientific basis of the challenge.

21.     If this Defendant contends that there was any comparative responsibility on the part of the Plaintiff, please describe such.

22.     Please identify your trial witnesses.

23.     Please list the date you received each medical bill submitted by Plaintiff, the amount submitted, the names of the providers, and the amount paid for each bill for the medical/healthcare treatment provided to Plaintiff for the injuries they suffered as a result of the subject incident.

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

## <u>VERIFICATION</u>

THE STATE OF _____        )(

                                                              )(

COUNTY OF _____        )(


BEFORE ME, the undersigned authority, on this day personally appeared _____

_____, the legal representative authorized to respond for **State Farm**

**Mutual Automobile Insurance Company**, known to me to be the person whose name is

subscribed to the foregoing instrument, who after being duly sworn and deposed, says that each

and all of the above and foregoing answers to written interrogatories are true and correct.


                                        _____

                                        Legal representative for **State Farm Mutual**
                                        **Automobile Insurance Company**


SUBSCRIBED AND SWORN TO BEFORE ME, on this the _____ day of _____

_____, 20___, to certify which witness my hand and seal of office.


                                        _____

                                        Notary Public for the State of Texas

                                        My ComPharr Expires on:_____

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

## REQUESTS FOR PRODUCTION TO DEFENDANT

All documents within your possession, custody or control that evidence, constitute, pertain, relate or refer to any of the following:

1.   A copy of the entire claims file and/or adjuster logs, including but not limited to, photographs, video, tape recordings, statements, notes, memorandums, tables, computer generated information, electronic data, and other written documents contained therein, which were generated in connection with the injury to Plaintiffs that form the basis of the above-captioned lawsuit.

2.   Please furnish a copy of written or other documentation and electronic data of the investigation of the claim in question.

3.   Please provide photographs, motion pictures, videotape, maps, drawings, charts, diagrams, measurements, surveys, electronic data or other documents concerning the events and happenings made the basis of this lawsuit, the vehicles in question, the scene of the accident, or the area, persons or objects involved, either made at the time of, or after the time of events in question.

4.   Provide complete and unaltered copies of correspondence memoranda, reports, e-mails, facsimile transPharrs, electronic data, and all other documents evidencing communications between Defendant and its: 1) adjusters; 2) employees; 3) officers; 4) agents; 5) representatives; 6) independent adjusters; 7) independent adjusting firms; 8) Melynda Blair; 9) Tom Nesrsta, 10) Ernesto Davila, that relate or pertain to the insurance claim(s) involved in this litigation.

5.   Investigative reports relating to the claim and/or incident in question, including documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communication, electronic data, and tangible things attached to such reports, or referred to therein, which were generated or obtained by or on behalf of the Defendant before a reasonable person would have concluded from the circumstances that there was a substantial chance of litigation, or which were generated or obtained by or on behalf of the Defendant in the ordinary course of business.

6.   Please provide copies of work papers, notes, electronic data, and documents in the file of an expert witness you may call to testify on behalf of the Defendant.

7.   Please provide written or other documentation concerning factual observations, tests, supporting data, calculations, photographs, electronic data, and opinions of each consulting expert witness who will not be called to testify but: 1) whose opinions or impressions have been reviewed by an expert who may be called to testify in this case, including but not limited to any reports prepared by or under the direction of such person, including any recording or transcripts thereof any oral report; 2) who has obtained firsthand knowledge about this case, other than in consultation about this case; 3) who went to the scene of the subject collision;

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

4) who inspected any tangible evidence connected in any way to the subject collision; and/or
5) who obtained secondhand facts learned outside of consultation.

**For Requests 8-13 "Consulting Expert" means any expert who has been informally consulted, retained, or specially employed by you, or by any other Defendant, in anticipation of litigation or preparation for trial or deposition, but who will not be called to testify: 1) whose opinions or impressions have been reviewed by an expert who may be called to testify in this case, including but not limited to any reports prepared by or under the direction of such person, including any recording or transcripts thereof any oral report; 2) who has obtained firsthand knowledge about this case, other than in consultation about this case; 3) who went to the scene of the subject collision; 4) who inspected any tangible evidence connected in any way to the subject collision; and/or 5) who obtained secondhand facts learned outside of consultation. "Consulting Expert" does not include an expert who has been informally consulted, retained, or specially employed by you in anticipation of litigation or preparation for trial or deposition who will not be called to testify, whose opinions and/or mental impressions have not been reviewed by a testifying expert, who has obtained firsthand knowledge about his case, other than in consultation about this case, who has not gone to and/or inspected the scene of the subject collision, who has not inspected any tangible evidence connected in any way to the subject collision, and/or who obtained secondhand facts learned outside of consultation.**

8.     Documents and tangible things including reports, physical models, compilations of data, factual observations, tests, test results, supporting data, calculations, photographs, video tapes, maps, sketches, measurements, electronic data, and other material in any form whatsoever, prepared by, reviewed by, and/or relied upon by each consulting expert.

9.     Documents and tangible things including reports, physical models, compilations of data, factual observation, tests, tests results, supporting data, calculations, photographs, video tapes, maps, sketches, measurements, electronic data, and other material in any form whatsoever, prepared by, reviewed by, and/or relied upon by each consulting expert.

10.    A recent resume or curriculum vitae for each and every consulting expert.

11.    A bibliography for each and every consulting expert.

12.    Letters, correspondence, documents, electronic data, and tangible things exchanged between you, as that term is defined herein above and each consulting expert which contain any compilations of data, factual observations, tests, test results, supporting data, calculations, photographs, video tapes, maps sketches, measurements, and other information in any form whatsoever relating to the subject collision, the cause of the subject collision, the items or facilities involved in the subject collision, persons witnessing the subject collision, and persons which were involved or near the scene of the subject collision.

13.    Reports, in any form whatsoever, from each and every consulting expert who participated in the evaluation of Plaintiff's uninsured motorist claim made the subject of this lawsuit.

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

14. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the incident including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you to Plaintiff.

15. Copies of the documents and testimony Defendant has obtained through the use of depositions upon written questions, or by use of an authorization furnished to Defendant by Plaintiff.

16. Documents, records, reports, notations, electronic data, or memoranda regarding the Plaintiff from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau and all similar persons or entities.

17. Written documents, and electronic data, including police reports and/or accident reconstructions describing the investigation of the subject incident conducted by any person, including Defendant prior to the time suit was filed.

18. Peer reviews, audits, medical summaries, memoranda, notes, letters, electronic data, and other documents relating to the medical records Plaintiff has submitted for payment under the policy and/or injuries claimed by the Plaintiff in this case.

19. Documents and electronic data relating to the amount(s) set aside and/or placed in reserve regarding Plaintiff's bodily injury claim in this case.

20. Documents and electronic data relating to any and all notices you received from Plaintiff regarding the incident made the basis of this lawsuit.

21. Records of every telephone conversation regarding Plaintiff, excluding telephone conversations with your attorney defending you in this matter.

22. Liability work-ups or reports relating to Plaintiff's claims.

23. Documents and electronic data relating to your use of computer programs (including, but not limited to, COLOSSUS) in reviewing and/or evaluating claims of injury in motor vehicle accidents.

24. Documents and electronic data relating to your use of computer programs (including, but not limited to, COLOSSUS) in reviewing and/or evaluating Plaintiff's claims of injury in the motor vehicle accident that forms the basis of this suit.

25. Documents and electronic data, including but not limited to, books and manuals, used by your employees to assist in their evaluation of automobile accident bodily injury claims.

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

26.    Documents and electronic data, including but not limited to, books and manuals, used by your employees to assist in their evaluation of uninsured motorist claims.

27.    Records, reports, statements, electronic data, or data compilations you contend are a public record or report under Rule 803(8) of the Texas Rules of Evidence. This request does not refer to records, reports, statements or other data compilations which have no bearing on any issue in this case.

28.    Complete and legible photocopies or audible recordings of any written or oral statement you or anyone acting on your behalf has obtained from Plaintiffs.

29.    Documents and electronic data, relating to any settlement, deal, agreement or any other understanding of any kind (verbal, written or otherwise) which you or your attorney or anyone else acting on your behalf have made with any other person or party with respect to this lawsuit.

30.    Documents and electronic data that support criminal records of any party or witness which you contend are relevant impeachment evidence.

31.    Reports and electronic data from each and every expert you have employed or consulted in connection with this litigation (excluding only those you positively aver were employed for consultation purposes and who will not be called to testify herein) reflecting said experts' factual observations, tests, supporting data, calculations, photographs and/or opinions.

32.    A copy of all insuring agreements relating to Plaintiff.

33.    A complete copy of the automobile insurance policy in effect on the ***date of loss*** covering Plaintiff's damages.

34.    All reports, memoranda, electronic data, or other documents related to your evaluation of Plaintiff's claim for benefits relating to any other claims Plaintiff has made.

35.    All documents relating to any initial determination, temporary determination, tentative determination, or final determination, as to whether or not any claims made by Plaintiff were payable or not payable.

36.    Copies of any personal notes, documents, electronic data, or memoranda relating to Plaintiff, excluding those subject to legitimate claims of attorney-client and/or work-product privileges.

37.    All documents relating to the amount of any loss reserves that you have established, set aside, or reported relating to any of the claims in this lawsuit.

38.    Copies of correspondence, communications and/or documents send to or received from, or exchanged by and between you and Plaintiff, her agents, employees, or representatives concerning the subject matter of this lawsuit.

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

39.     Copies of any payments made by Defendant or any other insurance company regarding any claims related to Plaintiff's claim made the basis of this suit.

40.     Any and all treatises, periodicals and pamphlets that you may offer or use in the trail of this case under Rule 803(18) of the Texas Rules of Evidence.

41.     Please produce any documents that support your contentions or responses contained in your responses to any of the interrogatories of Plaintiff's written interrogatories to Defendant.

## REQUESTS FOR ADMISSIONS TO DEFENDANT

**NOTICE:** You are formally notified herein that, pursuant to TRCP 215.4(b), if you fail to admit the truth of any matter requested under TRCP 198, Plaintiff reserves the right to apply to the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred in proving the truth of the matter requested under TRCP 198, including reasonable attorney fees.

1.     Admit or deny that all proper, necessary, permissible and indispensable parties have been joined in this cause.

2.     Admit or deny that all parties in this cause have been correctly named.

3.     Admit or deny that on February 08, 2015, day of the occurrence in question, you were engaged in the business of insurance in Hidalgo County, Texas.

4.     Admit or deny that Plaintiff had a contract of insurance with you that provided for uninsured/uninsured motorist coverage that was in affect at the time of the subject collision.

5.     Admit or deny that Plaintiff was involved in a motor vehicle accident on February 08, 2015, in Pharr, Hidalgo County, Texas.

6.     Admit or deny that Plaintiff sustained injuries in a motor vehicle accident on February 08, 2015 in Pharr, Hidalgo County, Texas.

7.     Admit or deny that Plaintiff placed you on notice that she would be seeking to make an uninsured claim under the insurance policy with you.

8.     Admit or deny that Plaintiff incurred medical expenses from McAllen Medical Center to treat the injuries she suffered as a result of a motor vehicle collision in Pharr, Hidalgo County, Texas on February 08, 2015.

9.     Admit or deny that Plaintiff incurred medical expenses from McAllen Emergency Medicine Associates, PA to treat the injuries she suffered as a result of a motor vehicle collision in Pharr, Hidalgo County, Texas on February 08, 2015.

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

10. Admit or deny that Plaintiff incurred medical expenses from Edinburg Radiology, LLP/South Texas Health System to treat the injuries she suffered as a result of a motor vehicle collision in Pharr, Hidalgo County, Texas on February 08, 2015.

11. Admit or deny that Plaintiff incurred medical expenses from HEB Pharmacy to treat the injuries she suffered as a result of a motor vehicle collision in Pharr, Hidalgo County, Texas on February 08, 2015.

12. Admit or deny that Plaintiff incurred medical expenses from Dr. Chris Casso to treat the injuries she suffered as a result of a motor vehicle collision in Pharr, Hidalgo County, Texas on February 08, 2015.

13. Admit or deny that Plaintiff incurred medical expenses from RGV Family Pharmacy to treat the injuries she suffered as a result of a motor vehicle collision in Pharr, Hidalgo County, Texas on February 08, 2015.

14. Admit or deny that Plaintiff incurred medical expenses from Dr. Zuka Khabbazeh to treat the injuries she suffered as a result of a motor vehicle collision in Pharr, Hidalgo County, Texas on February 08, 2015.

15. Admit or deny that Plaintiff incurred medical expenses from Evolutions Therapy, LLC to treat the injuries she suffered as a result of a motor vehicle collision in Pharr, Hidalgo County, Texas on February 08, 2015.

16. Admit or deny that Plaintiff incurred medical expenses from Dr. Stacey Mitchell to treat the injuries she suffered as a result of a motor vehicle collision in Pharr, Hidalgo County, Texas on February 08, 2015.

17. Admit or deny that Plaintiff incurred medical expenses from Center Pointe Dental, PA to treat the injuries she suffered as a result of a motor vehicle collision in Pharr, Hidalgo County, Texas on February 08, 2015.

18. Admit or deny that Plaintiff incurred medical expenses from Xpress Dental to treat the injuries she suffered as a result of a motor vehicle collision in Pharr, Hidalgo County, Texas on February 08, 2015.

19. Admit or deny that Plaintiff incurred medical expenses from RGV Orthopedic Center to treat the injuries she suffered as a result of a motor vehicle collision in Pharr, Hidalgo County, Texas on February 08, 2015.

20. Admit or deny that Plaintiff incurred medical expenses from Southern Texas MRI Center to treat the injuries she suffered as a result of a motor vehicle collision in Pharr, Hidalgo County, Texas on February 08, 2015.

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

21.     Admit or deny that Plaintiff incurred medical expenses from Valley Oral & Maxillofacial Surgery to treat the injuries she suffered as a result of a motor vehicle collision in Pharr, Hidalgo County, Texas on February 08, 2015.

22.     Admit or deny that you have paid no benefits to Plaintiff under the uninsured motorist coverage section of Plaintiff's insurance policy with you in affect at the time of the subject collision on February 08, 2015.

23.     Admit or deny that you are in possession of McAllen Medical Center's bills for Plaintiff for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

24.     Admit or deny that you are in possession of McAllen Emergency Medicine Associates, PA's bills for Plaintiff for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

25.     Admit or deny that you are in possession of Edinburg Radiology, LLP/South Texas Health System's bills for Plaintiff for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

26.     Admit or deny that you are in possession of HEB Pharmacy's bills for Plaintiff for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

27.     Admit or deny that you are in possession of Dr. Chris Casso's bills for Plaintiff for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

28.     Admit or deny that you are in possession of RGV Family Pharmacy's bills for Plaintiff for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

29.     Admit or deny that you are in possession of Dr. Zuka Khabbazeh's bills for Plaintiff for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

30.     Admit or deny that you are in possession of Evolutions Therapy, LLC's bills for Plaintiff for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

31.     Admit or deny that you are in possession of Dr. Stacey Mitchell's bills for Plaintiff for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

32.     Admit or deny that you are in possession of Center Pointe Dental, PA's bills for Plaintiff for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

33. Admit or deny that you are in possession of Xpress Dental's bills for Plaintiff for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

34. Admit or deny that you are in possession of RGV Orthopedic Center's bills for Plaintiff for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

35. Admit or deny that you are in possession of Southern Texas MRI Center's bills for Plaintiff for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

36. Admit or deny that you are in possession of Valley Oral & Maxillofacial Surgery's bills for Plaintiff for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

37. Admit or deny that Plaintiff incurred medical expenses from McAllen Medical Center totaling $2,676.00 for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

38. Admit or deny that Plaintiff incurred medical expenses from McAllen Emergency Medicine Associates, PA totaling $1,278.00 for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

39. Admit or deny that Plaintiff incurred medical expenses from Edinburg Radiology, LLP/South Texas Health System totaling $2,220.00 for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

40. Admit or deny that Plaintiff incurred medical expenses from HEB Pharmacy totaling $21.60 for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

41. Admit or deny that Plaintiff incurred medical expenses from Dr. Chris Casso totaling $240.03 for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

42. Admit or deny that Plaintiff incurred medical expenses from RGV Family Pharmacy totaling $392.96 for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

43. Admit or deny that Plaintiff incurred medical expenses from Dr. Zuka Khabbazeh totaling $311.00 for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

44. Admit or deny that Plaintiff incurred medical expenses from Evolutions Therapy, LLC totaling $1,090.00 for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

45.     Admit or deny that Plaintiff incurred medical expenses from Dr. Stacey Mitchell totaling $378.00 for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

46.     Admit or deny that Plaintiff incurred medical expenses from Center Pointe Dental, PA totaling $172.00 for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

47.     Admit or deny that Plaintiff incurred medical expenses from Xpress Dental totaling $197.00 for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

48.     Admit or deny that Plaintiff incurred medical expenses from RGV Orthopedic Center totaling $30,895.00 for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

49.     Admit or deny that Plaintiff incurred medical expenses from Southern Texas MRI Center totaling $2,184.00 for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

50.     Admit or deny that Plaintiff incurred medical expenses from Valley Oral & Maxillofacial Surgery totaling $2,320.00 for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

51.     Admit or deny that Plaintiff incurred medical expenses from her healthcare providers totaling $44,375.59 for services rendered for the injuries she suffered as a result of the February 08, 2015 subject collision.

52.     Admit or deny that you failed to pay Plaintiff for any of the medical expenses she incurred from her healthcare providers to treat the injuries he suffered as a result of the February 08, 2015 subject collision.

## REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose, no later than 50 days of the service of this request, the information or material in TRCP 194.2(a)-(l).

## IMPEACHMENT

34.     Pursuant to T.R.E. 609(f), Plaintiff requests that the Defendant provide advanced written notice of the intent to use impeachment evidence of conviction of a crime(s) of the Plaintiff, and/or of any witnesses in this case.

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

### PREEXISTING CONDITION

35.     Alternatively, if it is shown that Plaintiff, prior to the subject occurrence had pre-existing medical, physical and/or psychological conditions, he has sustained aggravation of such pre-existing medical, physical and/or psychological conditions.   More particularly, if the evidence demonstrates that prior to the occurrence in question Plaintiff, had pre-existing conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating.   The occurrence and conduct of Defendant, by and through its agents, employees, and vice-principals, has aggravated and accelerated such conditions and/or made Plaintiff more vulnerable or predisposed to subsequent injury and to the effects of subsequent stressors and injuries.   Further, as a consequence of Plaintiff's injuries caused by Defendant's conduct, Plaintiff, has been made more vulnerable and pre-disposed to subsequent further injury, aggravation of the injures resulting from the occurrence in question, and to the effects of subsequent stressors.   Plaintiff also has sustained additional mental anguish because of this increased vulnerability, which in reasonable probability Plaintiff will experience for the remainder of his life.

### SUBSEQUENT CONDITION

36.     Pleading further, if it be shown that if Plaintiff suffered from any subsequent injury, disease and/or condition at the time of the incident made the basis of this lawsuit, that such injury, disease and/or condition was aggravated and/or exacerbated by the aforementioned collision.

### PREJUDGMENT INTEREST

37.     Plaintiff also specifically pleads for prejudgment interest as prescribed by law on damages that have been accrued by the time of the judgment.

Electronically Filed
2/1/2019 5:52 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0569-19-B**

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff recover the following:

- b. Judgment against Defendant for actual damages in an amount in excess of the minimum jurisdictional limits of the Court;
- c. Prejudgment interest, at the legal rate on damages that have been accrued by the time of judgment;
- d. Interest after judgment at the legal rate per annum until paid;
- e. Cost of suit;
- f. Attorney's fees in a reasonable amount, together with conditional awards in the event of an appeal
- g. Such other relief, both general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**HECTOR L. RODRIGUEZ LAW FIRM, PLLC**
511 West University Drive
Edinburg, TX 78539
Phone: 956-380-1421
Fax: 956-380-2920
Email: Hectorlawfirm@gmail.com

**Hector L. Rodriguez**
State Bar No. 00791555

Co-counsel:

**Raul "Rudy" Rodriguez**
State Bar No. 17148380
Raul Rodriguez, P.C.
511 West University Drive
Edinburg, TX 78539
Phone: 956-380-1421
Fax: 956-380-2920
Email: anointed511@gmail.com

**ATTORNEYS FOR PLAINTIFF**

# PLAINTIFF REQUESTS A JURY TRIAL

# EXHIBIT 1-B



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Mutual Automobile Insurance Company<br>Entity ID Number 3461675 |
| **Entity Served:** | State Farm Mutual Automobile Insurance Company |
| **Title of Action:** | Cynthia Torres vs. State Farm Mutual Automobile Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Hidalgo County District Court, TX |
| **Case/Reference No:** | C-0569-19-B |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 02/11/2019 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Hector L. Rodriguez<br>956-380-1421 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

# EXHIBIT 1-C

Electronically Filed
3/1/2019 11:40 AM
Hidalgo County District Clerks
Reviewed By: Leslie Agado

## CAUSE NO. C-0569-19-B

| | | |
|---|---|---|
| CYNTHIA TORRES, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES **State Farm Mutual Automobile Insurance Company (hereinafter "SFMAIC")**, Defendant in the above styled and numbered cause, incorporated under the insurance laws of the State of Illinois and whose principle place of business is Bloomington, Illinois and files this Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show this Honorable Court the following:

### I.

### GENERAL DENIAL

Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

### II.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **State Farm Mutual Automobile Insurance Company**, requests judgment of the Court that Plaintiff take nothing by this suit, and,

1

Electronically Filed
3/1/2019 11:10 AM
Hidalgo County District Clerks
Reviewed By: Leslie Agado

that Defendant be awarded costs and such other and further relief to which it may show it is justly entitled to receive.

Respectfully submitted,

**RAMON | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
Telephone: 956-294-4800

By: */s/ Dan K. Worthington*
Dan K. Worthington
State Bar No. 24013455
dworthingotn@ramonworthington.com
Elizabeth Sandoval Cantu
State Bar No. 24013455
ecantu@ramonworthington.com
Sofia A. Ramon
State Bar No. 00784811
sramon@ramonworthington.com
Electronic Service to:
efile@ramonworthington.com
**ATTORNEYS FOR DEFENDANT**

Electronically Filed
3/1/2019 11:40 AM
Hidalgo County District Clerks
Reviewed By: Leslie Agado

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 1, 2019 a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

Hector L. Rodriguez
Hector L. Rodriguez Law Firm, PLLC
511 West University Drive
Edinburg, Texas 78539
T: 956-380-1421
F: 956-380-2920
hectorlawfirm@gmail.com

Raul "Rudy" Rodriguez
Raul Rodriguez, P.C.
511 W. University Drive
Edinburg, Texas 78539
T: 956-380-1421
F:  956-380-2920
anointed511@gmail.com
**Counsel for Plaintiff**

/s/ Dan K. Worthington
Dan K. Worthington

# EXHIBIT 1-D

Electronically Filed
3/6/2019 11:31 AM
Hidalgo County District Clerks
Reviewed By: Leslie Agado

CAUSE NO.  C-0569-19-B

| | | |
|---|---|---|
| CYNTHIA TORRES, | § | IN THE DISTRICT COURT OF |
|     *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | HIDALGO COUNTY, TEXAS |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY, | § | |
|     *Defendant* | § | 93ᴿᴰ JUDICIAL DISTRICT |

## ORDER SETTING DOCKET CONTROL CONFERENCE

After considering Plaintiff's request for a telephonic Docket Control Conference, the Court

grants Plaintiff's request and hereby sets a Telephonic Docket Control Conference on the ___5th___ day

of ___April___, 2019, at ___2:00___ a.m./p.m. in Hidalgo County, Texas.

SIGNED this the ___6th___ day of ___March___, 2019.


_____

PRESIDING JUDGE


cc:    Hon. Hector L. Rodriguez, **Hᴇᴄᴛᴏʀ L. Rᴏᴅʀɪɢᴜᴇᴢ Lᴀᴡ Fɪʀᴍ, P.L.L.C.**, 511 West University Drive, Edinburg, Texas 78539; Fax: (956) 680-2920; Hectorlawfirm@gmail.com

      Hon. Raul "Rudy" Rodriguez, **Rᴀᴜʟ "Rᴜᴅʏ" Rᴏᴅʀɪɢᴜᴇᴢ, P.C.**, 511 West University Drive, Edinburg, Texas 78539; Fax: (956) 680-2920; Email: anointed511@gmail.com

      Hon. Dan K. Worthington & Elizabeth Sandoval-Cantu, **Ramon Worthington, PLLC**, 900 Kerria Ave., McAllen, TX 78501; Tele: (956)294-4800; **Email:** dworthington@ramonworthington.com ecantu@ramonworthington.com

# EXHIBIT 1-E

Electronically Filed
3/12/2019 1:47 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

CAUSE NO. C-0569-19-B

| CYNTHIA TORRES, | § | IN THE DISTRICT COURT |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

---

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
FIRST AMENDED ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

---

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES **State Farm Mutual Automobile Insurance Company (hereinafter "SFMAIC")**, Defendant in the above styled and numbered cause, incorporated under the insurance laws of the State of Illinois and whose principal place of business is Bloomington, Illinois and files this Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show this Honorable Court the following:

**I.
GENERAL DENIAL**

1. Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition, and any amendment thereto, and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

**II.
AFFIRMATIVE DEFENSES**

2. Pleading in the alternative, should same be necessary, Defendant would show that Plaintiff has not complied with all conditions precedent necessary for recovery under the policy in that the liability of the alleged UM/UIM driver and the nature and extent of Plaintiff's damages have not been

1

Electronically Filed
3/1/2019 1:47 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

established by judgment or agreement.

3.      Pleading further and in the alternative, should same be necessary, any recovery by the Plaintiff is limited to the applicable SFMAIC insurance policy.

4.      Pleading further and in the alternative, should same be necessary, Defendant seeks an offset and/or credit, if any, for the liability limits and/or payments attributable to any alleged tortfeasor and for any payments made by SFMAIC under the policy or policies in question, including but not limited to Personal Injury Protection benefits, and for any payments made under any other policy providing UM/UIM, PIP benefits, medical payments benefits, or worker's compensation benefits.

5.      Pleading further and in the alternative, should same be necessary, Defendant specifically denies that it breached the duty of good faith and fair dealing, or otherwise engaged in any conduct which would justify the award of exemplary damages.

6.      Pleading further and in the alternative, should same be necessary, Defendant specifically denies that Plaintiff is entitled to the recovery of attorney's fees.

7.      Pleading further and in the alternative, should same be necessary, Defendant invokes the provisions of Section 41.0105 of the Civil Practice & Remedies Code which limits the Plaintiff's recovery and admissibility of medical or healthcare expenses incurred to the amount actually paid or incurred by or on behalf of the Plaintiff.

### III.
### PRAYER

        WHEREFORE, PREMISES CONSIDERED, Defendant **State Farm Mutual Automobile Insurance Company**, requests judgment of the Court that Plaintiff take nothing by this suit, and that Defendant be awarded costs and such other and further relief to which it may show it is justly entitled to receive.

Electronically Filed
3/12/2019 1:47 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

Respectfully submitted,

**RAMON | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
Telephone: 956-294-4800

By: */s/ Dan K. Worthington*
Dan K. Worthington
State Bar No. 00785282
dworthington@ramonworthington.com
Elizabeth Sandoval Cantu
State Bar No. 24013455
ecantu@ramonworthington.com
Sofia A. Ramon
State Bar No. 00784811
sramon@ramonworthington.com
Electronic Service to:
efile@ramonworthington.com
**ATTORNEYS FOR DEFENDANT**

Electronically Filed
3/12/2019 1:47 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 12, 2019 a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

Hector L. Rodriguez
Hector L. Rodriguez Law Firm, PLLC
511 West University Drive
Edinburg, Texas 78539
T: 956-380-1421
F: 956-380-2920
hectorlawfirm@gmail.com

Raul "Rudy" Rodriguez
Raul Rodriguez, P.C.
511 W. University Drive
Edinburg, Texas 78539
T: 956-380-1421
F:  956-380-2920
anointed511@gmail.com
**Counsel for Plaintiff**

*/s/ Dan K. Worthington*
Dan K. Worthington

Electronically Filed
3/13/2019 1:47 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

## CAUSE NO. C-0569-19-B

| | | |
|---|---|---|
| **CYNTHIA TORRES** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **93RD JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY,** | § | |
| **Defendant.** | § | **HIDALGO COUNTY, TEXAS** |

## VERIFICATION

**STATE OF** Texas           §

**COUNTY OF** Collin         §
                             §

On this day, _Ross Pinson_ the Affiant, appeared in person before me, a Notary Public who knows the Affiant to be the person whose signature appears on this document. The Affiant, being duly sworn by me, stated upon his/her oath that he/she has read State Farm Mutual Automobile Insurance Company's First Amended Original Answer and that the factual statements contained within Paragraph II are true and correct and based on his/her personal knowledge and belief as part of his/her duties as _Claim Team Manager_ for State Farm Mutual Automobile Insurance Company.

SUBSCRIBED AND SWORN TO BEFORE ME on the _12_ day of March, 2019.

NOTARY PUBLIC, STATE OF _Texas_

JUDY MATHIS
NOTARY PUBLIC
STATE OF TEXAS
ID# 130543401
EXPIRES 2-17-2020

# EXHIBIT 1-F

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back      Location : All Courts    Images

# REGISTER OF ACTIONS
## CASE NO. C-0569-19-B

| Cynthia Torres VS. State Farm Mutual Automobile Insurance Company | § § § § § § | Case Type: **Injury or Damage - Other (OCA)** |
|---|---|---|
| | | Date Filed: **02/01/2019** |
| | | Location: **93rd District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **State Farm Mutual Automobile Insurance Company** | **DAN K. WORTHINGTON** |
| | | *Retained* |
| | | 956-294-4800(W) |
| | | |
| **Plaintiff** | **Torres, Cynthia** | **HECTOR L. RODRIGUEZ** |
| | | *Retained* |
| | | 956-381-6602(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 02/01/2019 | **Original Petition (OCA)** | | |
| | *AND DISCOVERY* | | |
| 02/06/2019 | **Citation By Certified Mail** | | |
| | *JERRY B. JENSE* | | |
| | State Farm Mutual Automobile Insurance Company | Served | 02/11/2019 |
| | | Returned | 02/12/2019 |
| 02/06/2019 | **Citation By Certified Mail** | | |
| | *CORPORATION SERVICES COMPANY* | | |
| | State Farm Mutual Automobile Insurance Company | Served | 02/11/2019 |
| | | Returned | 02/12/2019 |
| 02/06/2019 | **Citation Issued** | | |
| 03/01/2019 | **Answer** | | |
| | *DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION* | | |
| 03/04/2019 | **Motion** | | |
| | *ORDER ON STATE'S MOTION FOR SUBSTITUTE SERVICE* | | |
| 03/04/2019 | **Proposed Order** | | |
| | *ORDER SETTING DOCKET CONTROL CONFERENCE* | | |
| 03/04/2019 | **E-Filing Forwarded to Court Queue** | | |
| | *ORDER SETTING DOCKET CONTROL CONFERENCE* | | |
| 03/06/2019 | **Order Setting Hearing, Signed** | | |
| 03/06/2019 | **Notice Sent** | | |
| | *ORDER SETTING DOCKET CONTROL CONFERENCE, SIGNED* | | |
| 03/12/2019 | **Amended** | | |
| | *DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S FIRST AMENDED ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION* | | |
| 04/05/2019 | **Docket Control Conference Hearing/Telephonic**   (2:00 PM) (Judicial Officers Delgado, Rodolfo "Rudy", Mancias, Fernando G) | | |

---

### FINANCIAL INFORMATION

| | **Defendant** State Farm Mutual Automobile Insurance Company | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 4.00 |
| | Total Payments and Credits | | | 4.00 |
| | **Balance Due as of 03/12/2019** | | | **0.00** |
| | | | | |
| 03/01/2019 | Transaction Assessment | | | 2.00 |
| 03/01/2019 | EFile Payments from TexFile | Receipt # DC-2019-016947 | State Farm Mutual Automobile Insurance Company | (2.00) |
| 03/12/2019 | Transaction Assessment | | | 2.00 |
| 03/12/2019 | EFile Payments from TexFile | Receipt # DC-2019-020022 | State Farm Mutual Automobile Insurance Company | (2.00) |
| | | | | |
| | **Plaintiff** Torres, Cynthia | | | |
| | Total Financial Assessment | | | 549.00 |
| | Total Payments and Credits | | | 549.00 |
| | **Balance Due as of 03/12/2019** | | | **0.00** |
| | | | | |
| 02/04/2019 | Transaction Assessment | | | 547.00 |
| 02/04/2019 | EFile Payments from TexFile | Receipt # DC-2019-009031 | Torres, Cynthia | (547.00) |
| 03/04/2019 | Transaction Assessment | | | 2.00 |

| 03/04/2019 | EFile Payments from TexFile | Receipt # DC-2019-017419 | Torres, Cynthia | (2.00) |